FRANKLIN J. GOUCH *vs.* ALBERT TOLMAN & another.

The answer and statements sworn to by the person summoned as trustee, are to be considered as true, in deciding how far he is chargeable ; and neither party can allege and prove any other facts, except such, as are not stated nor denied by the supposed trustee.

SCIRE FACIAS against trustees. This case came before the court at the present term, by appeal from the court of common pleas, and was submitted on an agreed statement. The material facts appear in the opinion of the court.

*F. H. Dewey* & *W. A. Williams,* for the plaintiff.

*E. Fuller,* for the defendants.

CUSHING, J. The direct question here presented by the record in the case is this :

When trustees have answered, and have on their own declarations, without evidence *aliunde,* been charged in the original action, is it competent for the plaintiff to go into such evidence on a *scire facias* against the trustees ? As a question of practice, it is a very important one ; and if it were necessary to decide it, we should be disposed to hold the case under advisement ; for it involves some points of nicety and difficulty in the construction of the statute and the comparison of past adjudications.

But, on looking into the answers of the trustees in the court below, and examining, in connection therewith, the matters proposed in the agreed case to be proved on *scire facias,* we think the question of the competency of the proposed proof is determined by another consideration.

The defendants in *scire facias,* Tolman and Russell, are copartners. The defendants in the original action, Barbour and Chaffin, are also copartners.

The plaintiff now proposes to prove, by the testimony of Chaffin, one of the original defendants, that a certain carriage and harness, charged and credited to Barbour and Chaffin on the books of Tolman and Russell, and in the account stated in their answers, was the private property of said Barbour, and ought not to go to reduce the partnership debt of Tolman and

Russell to Barbour and Chaffin. And the question of the legal consequences of such evidence, provided it be properly before the court, has been very fully argued at bar.

Now, suppose the question of introducing such evidence to arise on the original examination. To be competent at all, or in any stage of the case, it must be competent then. Would it be so? This depends on what answer the trustees shall have previously made; for, by the statute, the answers and statements, sworn to by any person summoned as a trustee, shall be considered as true in deciding how far he is chargeable, but either party may allege and prove *any other facts not stated nor denied* by the supposed trustee, which may be material in deciding the question. Rev. Sts. *c.* 109, § 15.

In the present case, the thing proposed to be gone into by evidence *aliunde* is, not any other fact not stated nor denied by the supposed trustee, but the precise fact on which the trustees have categorically answered, namely, the character of the purchase and sale of the carriage and harness, whether a partnership act or not. They swear it was a partnership transaction, by express contract with Barbour, and that they would not have entered into the transaction upon any other conditions. We cannot, on this record, try the right of Barbour, as between him and Chaffin, or the creditors of either, to deal with the carriage and harness as partnership property. If the declaration of the trustees in regard to the terms of the contract be false, the plaintiff has his remedy. The statute requires the court to consider it as true, and precludes any collateral proofs on the subject in the present posture of the parties.

According to the agreement in the case, judgment must be rendered for the defendants.

*Judgment for the defendants.*